# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 29, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| J.M. and V.M., in their Own Right and as | * | |
| Guardians of their Son, V.J.M., | * | No. 02-10v |
| | * | |
| | * | Chief Special Master Dorsey |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

<u>John F. McHugh</u>, Law Office of John McHugh, New York, NY, for petitioners.
<u>Ann Donohue Martin</u>, U.S. Department of Justice, Washington, D.C., for respondent.

## ORDER GRANTING PETITIONERS' MOTION FOR REDACTION IN PART AND DENYING IN PART[1]

On September 13, 2017, petitioners filed a motion to redact the undersigned's decision dismissing their petition. Petitioners' Motion ("Pet. Mot.") dated Sept. 13, 2017 (ECF No. 282). For the foregoing reasons, petitioners' motion is GRANTED in part and DENIED in part.

### I.   Relevant Procedural History

On January 4, 2002, J.M. and V.M. ("petitioners") brought a claim pursuant to the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of their son, V.J.M., in which they alleged that the measles, mumps and rubella ("MMR") vaccine that he received on

---

[1] Because this decision contains a reasoned explanation for my action in this case, I intend to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq</u>. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

January 19, 1999, caused his pervasive developmental disorder ("PDD"), an autism spectrum disorder ("ASD").  Am. Petition at ¶¶ 10, 12, 15.  This case was the lead case for a mini-omnibus proceeding comprised of 23 cases.  Petitioners in each of these cases agreed to be bound by the decision in the lead omnibus case.  On August 31, 2017, the undersigned issued a decision dismissing petitioners' petition, and a separate dismissal decision was filed in each of the remaining 22 cases.  Decision dated August 31, 2017 (ECF No. 281).  Judgment entered on October 5, 2017 (ECF No. 286).

On September 13, 2017, petitioners filed a motion for redaction of the undersigned's August 31, 2017 Decision.  Petitioners make three requests in their motion for redaction.  First, petitioners ask that the names of all the petitioners in the omnibus be redacted to initials.  Pet. Mot. at 1.  Petitioners argue that "reducing the minor petitioner's name to initials provides no protection of the minor petitioner's privacy where, as here, his parents' names remain in the decision."[3]  Id. at 3-4.  Petitioners further state that J.M., mother of V.J.M., believes that knowledge of her involvement in this case may adversely impact her status as a special education teacher.  Id. at 4.

Second, petitioners request that all of V.J.M.'s medical history be redacted, with the exception of information related to his receipt of the MMR vaccine and the onset of his symptoms of ASD.  Id. at 2.  Petitioners argue that because the August 31, 2017 Decision was limited to the question of whether petitioners met their burden under Althen Prong One, V.J.M.'s medical history is "of no moment," and thus that the availability of such information "serves no public purpose."  Id. at 2.

Finally, petitioners request that certain information be redacted from the transcript "prior to the transcript being made available to the public through … PACER."  Pet. Mot. at 5.

Respondent filed a response on September 15, 2017, outlining the standards for a motion for redaction and deferring to the undersigned's discretion regarding what information, if any, should be redacted.  Respondent's Response ("Resp. Res.") dated September 15, 2017 (ECF No. 283).

**II.     Discussion**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act.  See 42 U.S.C. §300aa-12(d)(4)(B).  That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  Id.  What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act."  W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause.  Id. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that

---

[3] The undersigned notes, however, that V.J.M. is no longer a minor.  See Order dated September 15, 2017 (ECF No. 284).

information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., 2011 WL 4348135, *13 (Ct. Fed. Cl. Spec. Mstr., Aug. 25, 2011).

With regard to petitioners' first request to redact the names of the petitioners to initials, the undersigned grants this request, as J.M. and V.M. have provided a reasonable explanation of how an adverse ruling in a case regarding vaccine causation could negatively impact their family's earning potential, since it may affect J.M.'s current and future career as a special education teacher. The undersigned thus GRANTS petitioners' request to redact the names of both J.M. and V.M.

Petitioners' motion also requests that the names of other petitioners in the omnibus be redacted to initials. Pet. Mot. at 4. Petitioners did not provide a reason why the names of other omnibus petitioners should be redacted and further did not show evidence that petitioners in any of the other omnibus cases would suffer a violation of privacy were their names not redacted. Further, counsel in this case does not represent all of the petitioners in the omnibus proceeding.[4] To this end, on October 13, 2017, the undersigned issued an order in each of the 22 other cases belonging to the omnibus, stating that if the individual petitioners in those cases wished to have their names redacted to initials, they should file a motion for redaction specific to their case. Any motions for redaction in the other omnibus cases will be separately adjudicated.

Petitioners also ask the undersigned to redact all of V.J.M.'s medical history, with the exception of the dates he received the vaccines at issue and the onset of his symptoms of ASD. Pet. Mot. at 2. Petitioners argue that redaction is warranted because "none of the other medical facts set forth in … the decision are needed to inform readers of the import of the decision." Id. While it is true that the August 31, 2017 Decision in the omnibus case was limited to a discussion of Prong One of Althen, V.J.M.'s health and medical condition summarized in the decision is materially important for several reasons. First, in their amended petition, petitioners allege that due to his vaccinations, V.J.M. failed to gain and/or maintain his verbal and social skills. Moreover, in their prehearing memorandum, petitioners stated that DNA fragments "can cause an encephalopathy manifesting clinically as autism." Thus, it was important to review the medical records and describe V.J.M.'s medical course to show that there was no evidence of encephalopathy. Petitioners also alleged that the rubella portion of the MMR vaccination triggered V.J.M.'s ASD. The chronology of facts shows that the first mention of V.J.M.'s developmental problems occurred approximately one year and five months after he received the vaccines in question. See Decision dated August 31, 2017 at 4, note 11. These facts were important to the undersigned's decision, particularly in light of the theory being alleged.

Moreover, this case is one alleging that a child experienced an ASD after the administration of a vaccine, and it is important that the public is made aware of the facts which led to the ruling. Because the facts set forth in the medical records were important to the undersigned's decision, they will not be redacted.

---

[4] Petitioners' counsel, John McHugh, is the attorney of record in 13 of the 23 total cases in the omnibus. Four other attorneys represent petitioners in the 10 other cases.

Petitioners' right to privacy must be weighed against the public's interest in the claim. The public has the right to information about how vaccines may or may not cause certain medical conditions, how those conditions are treated, and how the government may compensate vaccinees who develop those conditions. These interests are advanced by publishing decisions both awarding and denying compensation. The undersigned and other special masters have previously declined to redact a petitioner's medical information and have instead chosen to redact the petitioner's name to initials. See A.K. v. Sec'y of Health & Human Servs., 09-605V, 2013 WL 322918 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). However, in order to be sensitive to the petitioners' concerns, the undersigned will redact V.J.M.'s date and location of birth from the decision. The undersigned DENIES the remainder of petitioners' motion to redact V.J.M.'s medical information.

Finally, petitioners ask that the transcript be redacted prior to it being made publicly available through PACER. The undersigned notes that all of the transcripts in the case were filed under seal and thus they are not publicly available. See Notices of Filing of Official Transcripts dated March 24, 2016, and May 24, 2016 (ECF Nos. 246, 248, 250, 252, and 262). Therefore, this request has already been fulfilled. Counsel should be advised, however, that in accordance with the Transcript Redaction Policy of the United States Court of Federal Claims, "Once a transcript is provided to the court, the attorneys in the case are … required to review the transcript to redact personal information …. Within 7 calendar days after the clerk files the official transcript in CM/ECF, the party must submit a redaction request to the official transcriber." CFC Redaction Policy at 1.[5] No such redaction requests were submitted by petitioners within the specified time frames. For these reasons, petitioners' motion to redact the transcripts in the case is DENIED as moot.

Accordingly, petitioners' motion for redaction of their names to initials is GRANTED.[6] **The Clerk of Court is directed to change the caption of this case to the caption above**. Petitioners' request for redaction of V.J.M.'s medical information is DENIED, with the exception of the date and location of his birth, which will be redacted.

**IT IS SO ORDERED**.

s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] The redaction policy may be accessed electronically on the Court's website, available at: http://www.uscfc.uscourts.gov/electronic-transcripts-and-redactions.

[6] This Order applies to the August 31, 2017 decision and any subsequent decisions which may issue in this case.

4